[Central of Georgia Ry. Co. v. Hyatt.]

# Central of Georgia Ry. Co. *v.* Hyatt.

## *Damage for Killing Person on Railroad Crossing.*

(Decided March 2, 1907.   43 South. 867.)

1. *Railroads; Crossing; Accident; Jury Question.*—The defendant not having proved his plea of contributory negligence for a failure to stop, look and listen on the part of intestate beyond dispute and the evidence for plaintiff tending to support two of the counts of the complaint, the defendant was not entitled to the general affirmative charge as to the whole complaint, notwithstanding the fact that no replication was filed to the special plea setting up reasons why the failure to stop, look and listen were unnecessary.

2. *Same; Contributory Negligence; Duty to Stop, Look and Listen.* —The failure of a person to stop, look and listen before attempting to cross a railroad track will not defeat a recovery unless it contributes proximately to his death.

3. *Same; Proximate Cause of Death; Jury Question.*—If the engine which ran over and killed decedent could not have been seen or heard had decedent stopped, looked or listened before attempting to cross the track then his failure to do so was not the proximate cause of his death, and whether it was not, under the evidence in this case, was a question for the jury.

4. *Same; Contributory Negligence; Duty to Stop, Look and Listen.* —If one is not in a position to do so, or if the conditions were such that he could not see or hear the approaching train had he stopped, looked and listened, it is not negligence to fail, to do so before attempting to cross the railroad track.

5. *Trial; Instructions; Applicability to Pleading.*—The courts will not be reversed for refusing abstract charges or charges not covered by the pleading, although asserting correct principles of law, nor will they be reversed for giving such charges unless it appears that injury resulted.

6. *Same; Assumption of Fact or Law.*—Instructions which assume as a matter of law questions which are for the jury to determine, are properly refused.

7. *Railroads; Operation; Willful Killing; Instructions.*—Instructions seeking to set up contributory negligence as a defense to counts of willful or wanton injury are properly refused.

8. *Same; Negligence of Defendant; Sole Cause of Death.*—An instruction asserting that unless the killing of intestate was occasioned solely by the negligence or improper conduct of defendant, plaintiff could not recover, was improper since the negligence of defendant might not have been the sole cause and yet have been the proximate cause of the death.

9. *Same; Evidence; Admissibility.*—Where one of defendant's witnesses, who had gone to the point of killing on a switch engine for the purpose of taking observation from the engine, testified as to the conditions and surroundings and that the engine could be seen from the road, he was properly asked on cross examination if the opportunity for observation was as good for the engineer as for the person killed.

10. *Evidence; Opinion Evidence.*—A witness may testify whether or not a person could have seen a thing.

APPEAL from Russell Circuit Court.

Heard before Hon. A. A. EVANS.

Action by J. R. Hyatt, administrator, against the Central of Georgia Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

This was an action by Hyatt, as administrator of R. S. Kite, deceased, against the Central of Georgia Railway Company, for damages on account of the negligent killing of his intestate, which occurred at a crossing of the public road with the railroad, and was occasioned by an engine of defendant running ahead of a regular freight train. The evidence tended to show that Kite was driving along the public road and across the track of the defendant railroad company, when he was struck by an engine detached and running ahead of a regular freight train. The detached engine was several hundred yards ahead of the freight train, and the evidence was in dispute as to whether or not such detached engine had a headlight. The evidence further tended to show that the noise of the freight train was greater than that of the detached engine, and one approaching the crossing could hear the freight, and not hear the detached engine. The contents of the pleading are sufficiently set out in the opinion of the court.

After the witness Crawford had testified that he went to the point of killing with the switch engine, and took observation from the engine, and that a man on the engine could see a man approaching that track from the

north to the crossing for 400 feet before he got on it, with the exception of the time the man might be behind some bushes along there, the plaintiff asked him the question as to whether his opportunity for seeing a man approaching the crossing was equal to the man's opportunity approaching the crossing seeing the train. Objection was interposed to the question, and overruled. He answered that the opportunities would be approximately the same. The defendant also moved to exclude the answer.

The defendant requested the following written charges, which were refused:

(1) General affirmative charge.

(2) Affirmative charge as to the first and second counts.

(3) "If the jury believe the evidence in this case, they must find in favor of the defendant, unless they find from the evidence that the killing of Mr. Kite was done by the employes of the defendant wantonly, intentionally, or recklessly."

(4) "Unless the jury are reasonably satisfied that the killing of Mr. Kite was done by the employes of the defendant wantonly, intentionally, or recklessly, they must find a verdict in favor of the defendant."

(5) "If the jury believe from the evidence that Mr. Kite failed to stop, look, and listen for approaching engines or trains before he crossed or attempted to cross the railroad track, then such failure on his part is not only evidence of negligence, but is negligence itself."

(6) "Unless the jury are reasonably satisfied from the evidence that the employes of the defendant, who were in charge of the engine which killed Mr. Kite, failed to exercise reasonable care to avoid the injury after Mr. Kite had been discovered and his peril of injury had become apparent to said employes, then you should not

find against the defendant on the third count of the complaint."

(7) "If the jury believe from the evidence in this case that Kite, the deceased, just before he attempted to cross the railroad track, failed to stop, look, and listen to ascertain whether a train of cars or engine was approaching said crossing where he attempted to cross, then the court charges you that the plaintiff would not be entitled to recover in this case on the first and second counts of the complaint."

(8) "The court charges the jury that, although they believe from the evidence that the employes of the defendant were guilty of gross negligence in running the engine at the time, but that they did not see Mr. Kite and did not discover his perilous position in time to avoid striking him by the exercise of due care and diligence on their part, yet if the jury further believe from the evidence that Mr. Kite was, at the time he attempted to cross the railroad, also guilty of gross negligence, and that such gross negligence on the part of Mr. Kite proximately contributed to his death, then the plaintiff cannot recover in this case."

(22) "The court charges the jury that, although they may believe from the evidence (the remainder being an exact duplicate of charge 8)."

(23) "The court charges the jury that if at the time Mr. Kite was approaching Knuckles' crossing he was drunk, or very much under the influence of liquor, and that he by his own fault or wrong forced the horse he was driving into a gallop, or caused the horse to run away, and that while he was so galloping or running away Mr. Kite attempted to cross the railroad at said crossing, in front of an approaching engine which could have been seen by him, and that while so attempting to cross said railroad he was killed, then said Kite would be guilty of gross negligence."

[Central of Georgia Ry. Co. v. Hyatt.]

(9) "If the jury believe from the evidence in this case that the deceased, Kite, failed to stop, look, and listen for approaching engines or trains before he crossed or attempted to cross the railroad track, and such failure proximately contributed to his injury, then they must find for the defendant, unless the jury further believe from the evidence that the killing of said deceased by the employes of the defendant was done willfully, intentionally, wantonly, or recklessly on the part of said employes."

(10) "The court charges the jury that it was the duty of Mr. Kite, when he approached the railroad at Knuckles' crossing, for the purpose of crossing said railroad, to stop, look, and listen at a point sufficiently near said railroad, where he had or could have had a full view of the track, to ascertain whether or not an engine or train of cars was approaching said crossing, and if he failed to do so, and such failure resulted in or proximately contributed to his death, then the plaintiff cannot recover on the first and second counts of the complaint."

(11) "If the jury believe the evidence in this case, then the court charges you as a matter of law that Mr. Kite was guilty of contributory negligence at the time he was killed."

(16) "If the jury believe from the evidence that Mr. Kite did not stop, look, and listen before he attempted to cross the railroad track, then this would be contributory negligence on his part."

(12) "If the jury believe the evidence in this case, then the court charges the jury that Kite was guilty of contributory negligence at the time he was killed. Unless the jury believe from the evidence that the employes of the defendant wantonly, recklessly, or intentionally ran the engine against Mr. Kite, they must find a verdict in favor of the defendant."

(13) "Unless the jury believe from the evidence that the killing of Mr. Kite was occasioned solely by the negligence or improper conduct of the defendant, then the plaintiff cannot recover on the first and second counts of the complaint."

(14) "The plaintiff cannot recover damages in this case under the first and second counts of the complaint, unless the jury believe from the evidence that the killing of Mr. Kite was occasioned solely by the negligence or improper conduct of the defendant."

(15) "If the jury believe the evidence in this case, they cannot find for the plaintiff, unless the evidence reasonably satisfies them that the killing was intentionally, wantonly, or recklessly done by the employes of the defendant; and unless the jury are reasonably satisfied from the evidence, that the killing was done willfully, intentionally, wantonly, or recklessly by the employes of the defendant, they must find a verdict in favor of the defendant."

(17) "If the jury believe from the evidence that Mr. Kite did not stop, look, and listen before he attempted to cross the railroad track, then you should not find against the defendant on the first and second counts of the complaint."

(18) "Unless the jury believe from the evidence that the employes of the defendant, after they had discovered the perilous and dangerous position of Mr. Kite, intentionally, wantonly, or recklessly ran said engine against him and killed him, then you should not find for the plaintiff on the third count of the complaint."

(19) "The court charges the jury that if, at the time Mr. Kite was approaching Knuckles' crossing (duplicate of 23)."

(20) "If the jury believe from the evidence that on the afternoon when Mr. Kite was killed he was drunk, or

very much under the influence of liquor, and that while in that condition and by his own fault or wrong he caused the horse he was driving to go into a swift gallop or to run away just before he reached the crossing, and that while said horse was so galloping or running away Mr. Kite attempted to cross the railroad at said crossing in front of the engine, and that he was then and there killed, then the court charges the jury that Mr. Kite's death was caused by his own wrong, and the plaintiff cannot recover, provided you further believe from the evidence that the employes of the defendant in charge of said engine did not see Mr. Kite's danger in time to avoid the accident."

(21) "If the jury believe from the evidence that the killing of Mr. Kite proximately resulted from the fact that the horse attached to Mr. Kite's buggy was running away on account of the fault or wrong of Mr. Kite, then the plaintiff cannot recover in this case."

There was jury, and verdict for plaintiff for $5,000, and defendant appeals.

G. L. COMER, for appellant.—The court erred in allowing the question to be asked the witness Crawford as it called for testimony which was incompetent and a conclusion.—*Central R. R. & B. Co. of Ga. v. Vaughan,* 93 Ala. 401. The court erred in refusing the affirmative charge requested by defendant. There was nothing in the evidence tending to show a willful or intentional injury, and defendant's plea of contributory negligence as to the other count was clearly proven.—*Wellman v. Jones,* 124 Ala. 580; *Marbury L. Co. v. Westbrook,* 121 Ala. 179; *Winter v. Poole,* 100 Ala. 502; *Taylor v. Smith,* 104 Ala. 537; *L. & N. R. R. Co. v. Mitchell,* 134 Ala. 261; *L. & N. R. R. Co. v. Orr,* 121 Ala. 489; *Gainor v. L. & N. R. R. Co.,* 136 Ala. 144. On the same author-

ities the court erred in refusing to give charge 2 and 3 requested by defendant. The court erred in refusing to give charge 5.—*Central of Ga. Ry. Co. v. Foshee*, 125 Ala. 199; *Burns v. L. & N. R. R. Co.*, 136 Ala. 522; *Bryant v. Southern Ry.*, 137 Ala. 488. The court erred in refusing charge 6.—Authorities supra.

J. E. HENRY, and T. T. MILLER, for appellee.

ANDERSON, J.—The complaint contains three counts; the first two charging simple negligence, and the third count charging that the killing was willful, wanton, and intentional. The case was tried on the general issue as to all of the counts and a special plea of contributory negligence to the first two counts, which said plea charges, in substance, that plaintiff's intestate failed to stop and look and listen before crossing the track, and which said failure was the "proximate cause" of his death. The plaintiff's evidence supported the first two counts of the complaint, and as charge 1, requested by defendant, was the general affirmative charge as to the whole complaint, it was properly refused by the trial court.

It is insisted by appellant's counsel that his special plea of contributory negligence was a good defense to the first two counts, and that, if it was proven, the defendant was entitled to the affirmative charge as to said two counts, and that, if plaintiff's intestate had a lawful excuse for failing to stop and look and listen, it was not available to the plaintiff without a replication and that he deprived himself of this right by joining issue on the defendant's special plea. We are not unmindful of the rule that when issue is joined on a plea, whether it presents a good defense or not, and said plea is proven beyond dispute, the defendant is entitled to

the affirmative charge; but we cannot consent to the defendant's contention that the special plea in the case at bar was proven beyond dispute. The authorities are numerous to the effect that a party should stop and look and listen before attempting to cross a railroad track.— *L. & N. R. R. Co. v. Richards,* 100 Ala. 365, 13 South. 944; *L. & N. R. R. Co. v. Webb,* 90 Ala. 185, 8 South. 518, 11 L. R. A. 674. And it must be borne in mind, however, that while such a failure on the part of the complaining party ordinarily amounts to negligence, in order for it to defeat his right to recover, it must have contributed proximately to his injury.—*Thompson v. Duncan,* 76 Ala. 334. Indeed, the plea avers that the failure to stop and look and listen was the proximate cause of the intestate's death, and it would not have been a good plea without said averment. The law does not require the doing of a useless thing. If, therefore, the train could not have been seen or heard, had the intestate stopped and looked and listened before attempting to cross the track, then a failure on his part to do so cannot be affirmed as the proximate cause of his death.

The evidence shows that the intestate was run over and killed by a detached engine, running several hundred yards ahead of a freight train drawn by another engine. There was evidence that the engine that struck plaintiff's intestate had no headlight, and that at the time of the collision it was almost, if not quite, dark. Mason, one of the plaintiff's witnesses, testified that "the engine had no headlight," while Chamblee, another witness, who was in the buggy with Mason, was not certain as to a headlight on it, but testified that it might have been a "lantern." Yet Chamblee also testified that they crossed the track immediately ahead of the intestate, and "saw the light on the engine pulling the freight

train, and heard said train," but were not aware of the approach of the detached engine until after it "passed by." He also testified that he did not hear the detached engine, but did hear the train behind it. One of the defendant's witnesses, Laney, who was near the crossing when Kite was killed, said: "The engine was dark, and it was getting dark." The trial court properly left it to the jury to determine whether or not the intestate's failure to stop and look and listen contributed proximately to his death, and did not err in refusing charges 2, 3, and 4, requested by defendant.

Moreover, for another reason it cannot be said that the plea was proven beyond dispute. It avers that it was the intestate's "duty" to stop and look and listen before crossing the track. Ordinarily it is the duty of a person to stop and look and listen before attempting to cross a railway; but that duty does not exist if he is not in a position to do so, or if the conditions were such that he could not see or hear an approaching train, had he done so. The law does not require the impossible, nor the doing of a useless thing.—*L. & N. R. R. v. Crawford,* 89 Ala. 240-245; 8 South. 243; Beach on Contributory Neg. pp. 265, 266, note 16; Elliott on R. R. vol. 3, § 1167, and note.

So much of the oral charge as was excepted to by the defendant was a correct statement of law. If the plaintiff's intestate's inability to stop and look and listen was not available because of the condition of the pleading, the defendant could have asked an explanatory charge, or one qualifying the rule in the case at bar. The charge merely stated the law, and gave no instruction as to its application. Trial courts will not be reversed for refusing abstract charges, or charges not covered by the pleading. Although they assert the law correctly, yet they will not be reversed for giving such charges, unless it appears that injury was sustained.

The trial court did not err in refusing charge 5, requested by the defendant. It pretermits the failure to stop as being the proximate cause of intestate's death, and assumes that it was his duty to do so, when under the facts of the case it was for the jury to determine whether or not it was his duty to stop and look and listen.

Charge 6, refused to the defendant, was sufficiently duplicated by given charges 12 and 13.

Charge 7, requested by the defendant, was properly refused. It asks a finding for the defendant as to counts 1 and 2 for a mere failure of the intestate to stop and look and listen, and pretermits any inquiry as to the proximate cause of intestate's death. The failure of plaintiff's intestate to stop and look and listen would not bar a recovery, unless said failure proximately contributed to intestate's death.

Charges 8, 22, and 23, requested by defendant, were properly refused. In the first place, they seek to defeat a recovery on negligence not covered by defendant's plea; second, they seek to set up negligence of the intestate against the third count, and this doctrine has been repudiated by this court.—*L. & N. R. R. Co. v. Orr,* 121 Ala. 489, 26 South. 35; *Markee's Case,* 103 Ala. 160, 170, 15 South. 511, 49 Am. St. Rep. 21.

Charges 9 and 10, requested by the defendant, were properly refused. They assume as matter of law that it was the imperative duty of the intestate to stop and look and listen, and that his failure to do so was negligence, when it was, we think, a question for the jury to determine whether or not it was his duty.

Charge 12, requested by the defendant, was properly refused. It requests a finding for the defendant as to counts 1 and 2 for a failure to stop and look and listen;

and pretermits any inquiry as to the proximate cause of intestate's death.

Charges 13 and 14, requested by defendant, were properly refused. The negligence of the defendant may not have been the sole cause of Kite's death, yet may have been the proximate cause.

Charge 15, requested by defendant, was properly refused. It is practically the affirmative charge as to counts 1 and 2 and has been fully discussed.

Charge 11 was properly refused. It charges the jury as matter of law that the intestate was guilty of contributory negligence. It is true that he did not stop and look and listen; but it was for the jury to determine, under the facts of the case, whether or not said failure was contributory negligence. For the same reason charge 16, requested by defendant, was properly refused.

Charge 17, requested by defendant, was properly refused. It pretermits any inquiry as to whether or not the intestate's failure to stop and look and listen proximately contributed to his death.

Charge 18, requested by defendant, if good, was covered by given charge 10.

Charge 20, requested by defendant, was properly refused. If not otherwise bad, it sought to defeat plaintiff's recovery under the first two counts by setting up negligence not covered by the defendant's special plea. —*Central of Ga. Ry. v. Foshee,* 125 Ala. 199, 27 South. 1006.

Charge 21 possessed the same vice as charge 20, so far as it related to the first two counts of the complaint, and was further bad in setting up the negligence of the plaintiff's intestate against a recovery under the wanton count of the complaint.

There was no error in permitting the plaintiff to ask

[Nevers Lumber Co. v. Fields.]

the witness Crawford as to his opportunity for seeing a man approaching the crossing. The witness had testi-fied as to the conditions and surroundings, and that the engine could have been seen from the road; and it was proper to permit the plaintiff on the cross-examination to show that the opportunity for observation was as good for the engineer as the intestate. Witnesses can testify whether or not a person could have seen a thing.

The judgment of the circuit court is affirmed.

TYSON, C. J., and HARALSON, SIMPSON, DENSON, and MCCLELLAN, JJ., concur. DOWDELL, J., dissents.