# Birmingham Rolling Mill Co. *v.* Myer.

*Action for Damages for Injury to Employee.*

(Decided April 2, 1907.   43 So. Rep. 492.)

1. *Master and Servant; Injury to Servant; Employer's Liability Act; Pleading and Proof.*—In an action under subdivision 1, section 1749, Code 1896, the declaration alleged that the injuries resulted to the servant from the breaking of a hook forming a part of the machinery by which balls of hot iron were transported from the furnace in defendant's plant, that the hook was defective and unfit or too weak for the business for which it was used, and that such defect arose from and had not been discovered or remedied owing to the negligence of defendant or some person in its employe, etc. Held, plaintiff is not required to prove both of the alternative averments of the declarations "that such machinery was in improper and unsafe condition" but proof that the defect arose from and had not been discovered or remedied owing to the negligence of the defendant or the negligence of a servant or agent whose duty it was to see that the hook was in proper condition, is sufficient to authorize recovery.

2. *Same; Instructions.*—Where the evidence was conflicting as to whether or not it was plaintiff's duty to see that the hook was in a fit condition as to whether or not it was plaintiff's duty to call for a different hook under certain conditions a charge asserting that if it was plaintiff's duty to call for a new or different hook when needed, or when the one in use was

[Birmingham Rolling Mill Co. v. Myer.]

not suitable for the purpose for which it was being used, and if plaintiff continued to use the hook without complaint and without calling for another hook he could not recover was erroneous and properly refused.

3. *Same; Contributory Negligence; Instructions.*—A charge asserting that if plaintiff, in the use of the hook, did or omitted to do any act which a reasonably prudent man would have done or omitted he could not recover, is properly refused for failing to hypothesize that the acts or omissions of plaintiff contributed to his injuries.

4. *Same.*—An instruction asserting that there was no duty on defendant to furnish a safe hook or one that would not break, and that defendant could only be held liable for a defect in its machinery which existed for a sufficient length of time in which it could or ought to have been remedied, ignores the duty of due care to furnish originally a reasonably safe hook, and is properly refused.

5. *Trial; Misleading Instructions; Necessity to Request Explanatory Instructions.*—This court will not reverse a cause because of the giving of instructions merely misleading and the duty is on the party complaining to request instructions explanatory and such as will obviate the misleading tendencies.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

This was an action by Jefferson D. Myers, an employee of the defendant against the Birmingham Rolling Mill Company for injuries received while using defective machinery. From a judgment for plaintiff in the sum of $1,800.00, defendant appeals. Affirmed.

The nature of the action, and the trial court's action on the pleadings and the facts of the case, sufficiently appear in the opinion of the court. The other assignments of error relate to charges refused to the defendant, as follows: "(22) If the jury believe from the evidence that the defendant had S hooks, to be furnished when the puddlers came for them, and that it was a part of the puddler's duty to call for a new or different hook when needed, or when the one in use was not suitable for the purpose for which it was being used, and that plaintiff was a puddler and continued to use the hook, without complaint and without calling for another hook, then he cannot recover. (23) Under the issues in this

case, if the jury believe from the evidence that the plaintiff, in the use of the S hook, did or omitted to do any act which a reasonable prudent man would not have done or omitted, then he cannot recover. (24) There was no duty on defendant to furnish a safe hook, or one that would not break. It was not an insurer of plaintiff's safety. It can only be held liable for a defect in its works, ways, machinery, or plant which had existed for a sufficient length of time in which it could and ought to have been remedied." The court gave the plaintiff the following charge, which was made the basis of an assignment of error: "(4) A company, employing men and furnishing them machinery for use in the works of the company, is bound to use due diligence to see that such machinery so furnished is reasonably safe for the use of such employees, and is bound to use reasonable diligence to promptly discover and remedy any defect which may exist, or which may come into existence by wear or otherwise." There was judgment for plaintiff in the sum of $1,800. Motion was made for a new trial, and the grounds assigned are discussed in the opinion under the other assignments of error.

CAMPBELL & WALKER, for appellant.—The court erred in refusing to charge the jury that plaintiff could not recover under the 1st count. If the appearance of the hook did not indicate a defect, how could it be said that defendant was guilty of negligence in not discovering the defect? *Campbell's Case*, 97 Ala. 147; *Thomas v. Bellamy*. 126 Ala. 253. Charge 22 should have been given.—*Thomas' Case, supra; Pioneer Co. v. Thomas*, 132 Ala. 279. The court erred in refusing charge 24.—*L. & N. R. R. Co. v. Campbell*, 97 Ala. 147; *Woodson's Case*, 98 Ala. 378. Under the facts in this case a new trial should have been granted to defendant.—*Owen's Case*, 135 Ala. 154; *Rockhold's Case*, 38 South.

BOWMAN, HARSH & BEDDOW, for appellee.—Defendant's refused charges were fully covered by charges. given at defendant's request and it was not error to refuse them.—*Drennan v. Satterfield*, 119 Ala. 85;.

[Birmingham Rolling Mill Co. v. Myer.]

*Southern Ry. Co. v. Shirley,* 128 Ala. 595; *Hanesworth v. The State,* 136 Ala. 13; *T. C. I. & R. R. Co. v. Garrett,* 37 South. 355. The court properly overruled the motion for a new trial.—*Bayone Knife Co. v. Umbenhauer,* 107 Ala. 496; *K. C. M. & B. Co. v. Phillips,* 98 Ala. 159; *McLendon v. McKissick,* 38 S. R. 1020; *A. G. S .R. R. v. Ellis,* 137 Ala. 560; *A. G. S. R. R. Co. v. Hamilton,* 135 Ala. 343; *B. R. & E. Co. v. Dorse,* 131 Ala. 177; *Cobb v. Malone,* 92 Ala. 630; *Taylor v. Corley,* 113 Ala. 586.

TYSON, C. J.—The recovery in this case was on the first count of the complaint; the other count having been charged out. The count is framed under subdivision 1 of the employer's liability act, now constituting, in part, section 1749 of the Code of 1896. The defect relied on was in a hook which formed a part of the machinery by which balls of hot iron were transported from the furnace to what was known as the "squeezers," situated at another place in defendant's plant. The transportation was by means of a trolly, from which the appliance was suspended which grasped the ball of iron, of which the hook formed a part, and along which the appliance holding the ball was made to roll by being pushed by the plaintiff, who was a puddler.

The transportation was required to be rapid, in order to prevent the ball of iron from cooling before reaching the 'squeezers. It was while in the performance of this service that the hook broke, causing the ball of iron to fall and to precipitate the plaintiff to the ground, inflicting upon him physical injuries. It is alleged in the count that the hook was "old, rusted worn, broken, defective, or wholly insecure, and unfit, or too weak and rotten, for the business and use for which it was used at the time, and that such defect arose from, and had not been discovered or remedied owing to the negligence of said defendant, or of some person in the service of defendant with the duty of seeing that such hook and machinery were in proper and safe condition."

It is first insisted by appellant that the affirmative charge requested by it should have been given. This insistence proceeds upon two theories: First. That it was incumbent upon the plaintiff to prove that the defect arose from the negligence of some person intrusted by defendant with seeing that "such hook and machinery were in proper and safe condition." It is true the word "safe" is not used in the statute, and it is also true that the law does not impose the duty that the hook and machinery should be safe. Reasonably safe is all that is required. But we do not understand that plaintiff was required to prove both of the alternative averments. Proof of the other alternative averment, that the defect arose from, and had not been discovered or remedied owing to, the negligence of defendant, would suffice. And this averment may be sustained by proof of the negligence of a servant or agent whose duty it was of seeing that the hook was in proper condition for the uses to which it was being applied.— *Lookout Mountain Iron Co. v. Lee,* 144 Ala. 169, 39 South. 1017. Furthermore, the words "proper and safe condition" are not descriptive of the negligence counted on, but were simply used to identify the servant of defendant charged with the negligence, and not to identify the negligence itself. The second theory seems to be that the appearance of the hook did not indicate any defect in it; that it had every appearance of being sound. It may be conceded that one of the witnesses swore to this, but the tendency of the testimony of other witnesses was to the effect that it was badly worn at the time it broke. Indeed, the testimony afforded an inference for the jury that the hook was wholly insecure and unfit for the use to which it was put. Upon the entire testimony it cannot, it seems to us, be doubted that whether the defendant was guilty of negligence, as alleged, was a question for the jury. The insistence, therefore, must fail.

The next insistence is that the court erred in refusing written charge numbered 22, requested by defendant. As to whether or not it was the duty of the plaintiff to see that the hook was in a suitable and fit condition for the purpose for which it was to be used, the testimony

afforded conflicting inferences; and as to whether or not his duty extended further than to call for a different hook only when the one furnished caused the ball of iron to swing too low or too high, in order to raise or lower the appliance which held the ball, the testimony afforded conflicting inferences. If the latter was the full measure of his duty, and whether or not it was, was a question for the determination of the jury, then the duty of seeing that the hook was reasonably safe was not upon him; and if the latter was found by the jury to be the limit of his duty, then the charge was properly refused, for the reason that it denies to the plaintiff the right to recover because of his failure not to discharge his duty in that respect.

Charge 23, requested by defendant, was also properly refused, for the reason that it failed to hypothesize that the acts or omissions of the plaintiff contributed to his injury.

Charge 24 was bad, because it ignored the duty of due care in originally furnishing a reasonably safe hook.

This disposes of all the charges refused to defendant that are insisted upon, and brings us to a consideration of the only charge given at plaintiff's instance assigned as error. The only legitimate criticism of this charge is its tendency to mislead the jury, in that it omitted all reference to that phase of the testimony tending to show that it was plaintiff's duty to see that the hook was reasonably safe before using it. In other words, it was calculated to divert the jury's attention from this phase of the testimony, and direct to that phase of it tending to show that no such duty was assumed by him or imposed upon him. The giving of such a charge is not a reversible error; but in such case the party complaining should ask explanatory or additional instructions to obviate its misleading tendency.—*A. G. S. R. R. Co. v. Jones*, 71 Ala. 487; *Central of Ga. R. R. v. Hyatt*, 43 South. 867.

We are unwilling to affirm that the overruling of the motion for a new trial was error.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.