# Southern Railway Co. *v.* Irvin.

## *Death on Track.*

(Decided January 21, 1915.  68 South. 139.)

1. *Railroads; Crossing Accident; Contributory Negligence.*—One crossing a railroad must stop, look and listen for approaching trains, unless excused by some circumstance which would render these precautions ineffective, and must stop, look and listen with such nearness to the track and under such circumstances as ordinary prudence suggests, and this duty continues so as to exclude the injection of an element of danger between the time of the last stop and when endangered by the moving train.

2. *Same; Evidence.*—Where the action was for killing intestate at a crossing, and there was evidence that decedent stopped ten feet from the track and looked for train, and had an unobstructed view, the denial that any train was observable, was improbable, and could not form any basis for a conflict upon which to rest a verdict.

3. *Same.*—Where decedent approached defendant's crossing in the day time, at a place familiar to him, and who had good eyesight, and from within a reasonable distance of the crossing, might have seen whether the train was approaching, and have avoided injury therefrom, but who attempted to cross when a train was so close, that the accident could not be averted, was guilty of such contributory negligence as to entitle defendant to a directed verdict.

4. *Appeal and Error; Separate Appeals; Objection; Review.*—Where a judgment was rendered against a railroad and its engineer, in an action for damages for the death of intestate, and the appellee did not, by proper and seasonable motion, suggest that the railroad, which alone appealed, had not complied with the provisions of Acts 1911, p. 589, as to notice or summons to a co-defendant in judgment, that question cannot be considered.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

[Southern Railway Co. v. Irvin.]

Action by Mrs. M. E. Irvin, as administratrix, against the Southern Railway Company and its engineer, for damages for the death of her intestate while on defendant's track. Judgment for plaintiff and defendant railroad company appeals. Reversed and remanded.

STOKELEY, SCRIVNER & DOMINICK, for appellant.

GOODWIN & ROSS, for appellee.

McCLELLAN, J.—This is an action for damages, against the appellant and its engineer, for wrongfully causing the death of plaintiff's (appellee's) intestate, C. O. Greer. The evidence in the case shows, without conflict, that intestate was killed by a train of the defendant (appellant) between 6:30 and 7 a. m. of the morning of August 9, 1913; that he was not seen, approaching or upon the track, by either of the defendant's employees on the engine until the rapidly moving train was so close to Greer that no human power could have averted the fatal impact; and that the tragedy occurred at a path crossing of the railway, which was used, at the most, by from 175 to 200 people a day. From the hour of the day and season it must have been good daylight at the time of the occurrence. The only error assigned and urged on this review is based upon the refusal to the defendant of the general affirmative charge; and this on the theory that the intestate was guilty of proximately contributory negligence, barring a recovery for his death, in thrusting himself within the dangerous sweep of the engine.

(1) Unless excused from stopping, looking, and listening by reason of some circumstance that would have rendered the taking of those precautions before going dangerously near to or upon a railway track entirely

vain for the purpose the law intends in their exaction (*Central of Georgia Ry. Co. v. Hyatt,* 151 Ala. 355, 43 South. 867, and others in its line), it is the duty of the person intending to cross a railway to stop, look, and listen for approaching trains; and this use of the senses must be made within such nearness to the track and under such circumstances as will afford the highly important information to the traveler and operate as the precatution the most ordinary prudence, in such circumstances, suggests; and the duty, unless excused as indicated, is continuing at least to the extent of excluding the injection of an element of danger into the situation between the time he last stopped, looked, and listened and the time he enters the zone of danger a moving train would create.—*Central of Ga. Ry. Co. v. Foshee,* 125 Ala. 199, 27 South. 1006; *Bason v. A. G. S. R. R. Co.,* 179. Ala. 299, 60 South. 922; *Central of Ga. Ry. Co. v. Barnett,* 151 Ala. 407, 44 South. 392.

(2, 3) There can be no doubt, under the evidence in this record, that, had Greer observed the duty of precaution the law laid on him, he would not have so exposed himself as to be stricken by the train that took his life. His companion, who was walking a few feet ahead of him, testifies that they stopped and looked and listened, and no information of the approaching train was afforded them. This act of stopping was ten feet from the track. If they looked for trains, as he testifies, and if their view was not obstructed by "grass or bushes," then the denial that no train was observable must be and is set down with the impossible, according to the self-evident good reasoning and sound holding of this court in *Peters v. Sou. Ry. Co.,* 135 Ala. 533, 33 South. 332.

On the other hand, was their view, if attempted to be taken at all, so obstructed by grass or bushes or

both as to excuse the observance of the precautionary
duty the law prescribes? We find no evidence to that
effect in this record. Greer's companion does testify
to the presence of grass and bushes about the path and
near to the railway; but he does not undertake to say
that at no point along the path, within a reasonable
distance of the railway at the place of their intended
crossing, was there a place wherefrom the legal duty of
precaution might have been observed and danger avoid-
ed. Indeed, as we understand his testimony in this re-
gard, it carries the affirmative implication, if not the
positive statement, that there were such points along
the path and free from danger of a moving train as
that, if looked from, a considerable distance up the
track, in the direction from which this train was com-
ing, was open to view. The intestate is shown to have
had good eyesight. It was daytime. It was at a place
familiar to him. His companion says he remarked to
Greer (when they) had stopped about ten feet from the
track), "You reckon that passenger train has done
gone," referring to the regular train which in a short
time struck him. The conclusion is unescapable, on this
record, that if he had looked, as he might have done
and as duty required before becoming endangered, he
would not have lost his life.

(4) It is suggested in brief for appellee that the rail-
way company alone prosecutes this appeal, and that the
pertinent provisions of the Acts of 1911, p. 589, were
not complied with in respect of notice or summons to
the company's codefendant in the judgment. The judg-
ment appears to be against both defendants. Had ap-
pellee taken the objection by proper motion, seasonably
made, the question raised in the brief would have been
raised for consideration here. No motion to that end

[Sloss-Sheffield Steel & Iron Co. v. Cole.]

was made and submitted in this court.—*Walsh v. Hill,* 169 Ala. 410, 53 South. 746.

The affirmative charge was erroneously refused the defendant. The judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.