(137 So. 448)

## SEABOARD AIR LINE RY. CO. v. LOWE.

### 6 Div. 950.

Supreme Court of Alabama.

Nov. 5, 1931.

J. K. Taylor and Chas. W. Greer, both of Birmingham, for appellee.

Cabaniss & Johnston, of Birmingham, for appellant.

THOMAS, J.

The questions presented are the overruling of defendant's motion for a new trial, and the refusal of the general affirmative charges requested in writing by defendant.

The complaint was for simple negligence, and the pleas were the general issue and in short by consent.

The cause will be considered in this court on the theory on which trial was had. Though the negligence of an engineer subsequent to the discovery of plaintiff's peril can be given in evidence under a count declaring for simple negligence (Louisville & N. R. Co. v. Calvert, Adm'r, 172 Ala. 597, 55 So. 812; Southern Ry. Co. v. Cates, 211 Ala. 282, 284, 100 So. 356, and authorities), a case will not be reviewed here on a theory different from that on which the trial was had. Hanover Fire Ins. Co. v. Wood, 213 Ala. 132, 137, 104 So. 224, 39 A. L. R. 1436; Sovereign Camp, W. O. W. v. Carrell, 218 Ala. 613, 119 So. 640.

No issue of subsequent negligence was submitted to the jury, and the oral charge of the court confined and submitted the case to and on the issues of fact of the original negligence vel non of defendant, and that of whether there was contributory negligence of plaintiff. Appellee requested no instructions as to subsequent negligence.

No question as to the negligence vel non of the flagman arises, since the jury were instructed, at written request of defendant: "I charge you if you believe from the evidence that the sole proximate cause of plaintiff's damage was the negligence of the flagman, Sid Smith, your verdict must be for the

defendant." Thus was eliminated that issue or phase of the evidence under the pleading.

Defendant requested general affirmative instruction in various forms, it is urged, on grounds that it had met the burden of disproving negligence under section 9955, Code, as to signals, and the other provisions for public safety at such time and place and under such conditions, and on the further alleged ground of contributory negligence. This, then, is the decisive question presented by the appeal.

The evidence shows that "early in the morning," or about six o'clock, of June 4, 1928, plaintiff approached from the east, on Second avenue, going in the direction of Birmingham, the point at which the tracks of defendant and other railroads enter the yards of the Terminal Station crossing; a passenger train, moving south out of the station yard on the second track, was blocking the street as plaintiff approached that crossing and "heading west"; plaintiff stopped his truck and waited until the first train had cleared the street, when he put his car into low gear and went onto the crossing behind the engine pushing the pullman train south, and proceeded across two tracks when his truck was struck by defendant's train, which was moving northward toward the station, on the third track. Plaintiff testified that he was not aware of the approach of defendant's train until the moment of the collision, as the pullman passenger and engine obstructed his vision. The only testimony on plaintiff's behalf bearing on the negligence of defendant's employees in operating the train is the negative statement that, "I never heard the freight train approaching. I never heard a thing, never heard any whistle or bell or anything. I did not notice the freight train flagman," and that the "train was not coming fast."

The undisputed facts are as stated above. Sid Smith, the flagman or watchman, confused the situation by saying that both trains were going in the same direction. This was a mistake, as shown by the other witnesses, and, if it be a fact, it would be more damaging to plaintiff's case than the facts as stated above. Upon these facts, with the positive testimony of defendant's witnesses, defendant bases its assertion that plaintiff was not entitled to recover, as a matter of law, and hence the affirmative charges were requested.

Defendant's train crew testified that the train was not going at a rate of more than five or six miles per hour; Sid Smith said it was going about as fast as a man walking; plaintiff thought it was "not coming fast * * * wasn't going over ten or fifteen miles per hour."

Where the plaintiff, driving an automobile, upon approaching a multiple track crossing, in low gear, immediately starts forward in an attempt to cross behind a passing train before the latter has gone a sufficient distance to enable him to see the other tracks are clear, in the absence of signals to proceed given by the crossing flagman, he is guilty of contributory negligence as a matter of law. Unless directed by a crossing flagman to proceed, it is established by our decisions "that one who is about to cross a railroad track must stop so near to the track, and his survey by sight and sound must so immediately precede his effort to cross over it, as to preclude the injection of an element of danger from approaching trains into the situation between the time he stopped, looked, and listened and his attempt to proceed across the track. The law thus imposes a continuing duty to see that the way is clear before attempting to cross." Southern Ry. Co. v. Randle, 221 Ala. 435, 438, 128 So. 894, 897. Ala. G. S. Ry. Co. v. Durr, 222 Ala. 504, 133 So. 56; Louisville & N. R. Co. v. Webb, 90 Ala. 185, 8 So. 518, 11 L. R. A. 674; Central of Ga. Ry. Co. v. Foshee, 125 Ala. 212, 27 So. 1006; Louisville & N. R. Co. v. Calvert, 172 Ala. 597. 55 So. 812; Southern Ry. Co. v. Irvin, 191 Ala. 622, 68 So. 139; Hines v. Cooper, 205 Ala. 70, 88 So. 133; Cunningham Hardware Co. v. L. & N. R. Co., 209 Ala. 327, 96 So. 358; Central of Ga. Ry. Co. v. Hyatt, 151 Ala. 355, 43 So. 867; Louisville & N. R. Co. v. Turner, 192 Ala. 392, 68 So. 277.

The principle of the decisions on this "particular situation," crossing tracks behind a passing train, is not better stated than in the rule of Central of Georgia Ry. Co. v. Foshee, 125 Ala. 199, 212, 27 So. 1006, that the traveler must have performed his duty to stop, look, and listen "at such time and place with reference to the particular situation in each case as will enable the traveler to accomplish the purpose the law has in view in its imposition upon him." His survey must preclude "the injection of an element of danger into the situation between the time he last stopped, looked, and listened and the time he enters the zone of danger a moving train would create." Southern Ry. Co. v. Irvin, 191 Ala. 622, 68 So. 139, 140. The law imposes a continuing duty to see that the way is clear before attempting to cross. Louisville & N. R. Co. v. Calvert, 172 Ala. 597, 55 So. 812; Southern Ry. Co. v. Randle, 221 Ala. 435, 128 So. 894. See, also, Central of Ga. R. Co. v. Hyatt, 151 Ala. 355, 43 So. 867; Hines v. Cooper, 205 Ala. 70, 88 So. 133, and Cunningham Hardware Co. v. L. & N. R. Co., 209 Ala. 327, 96 So. 358.

In Louisville & N. Ry. Co. v. Webb, 90 Ala. 185, 8 So. 518, 11 L. R. A. 674, a case which deals with the "situation" involved in the present case, the plaintiff waited until one train passed, then stepped in front of another, without waiting or looking again. There was evidence that the railroad company was negligent, and the plaintiff looked straight ahead at the crossing flagman, who did not signal the approach of the second train. The court, through Mr. Chief Justice Stone, held there

was no question for the jury; that plaintiff was guilty of contributory negligence as a matter of law, and that the defendant railroad was entitled to a nonsuit, and entitled to the affirmative instruction. That decision has been cited with approval in Birmingham Southern Ry. Co. v. Harrison, 203 Ala. 284, 292, 82 So. 534; Central of Ga. Ry. Co. v. Porter, 207 Ala. 417, 93 So. 394; Cunningham Hardware Co. v. L. & N. R. Co., 209 Ala. 327, 96 So. 358; Southern Ry. Co. v. Cates, 211 Ala. 282, 100 So. 356, and Louisville & N. R. Co. v. Cunningham Hdw. Co., 213 Ala. 252, 104 So. 433.

Plaintiff admitted that before he could see anything on the other side of the first train, the immediately preceding passenger train, consisting of an engine and pullman cars, the freight engine of defendant "was on top of me," as plaintiff, without the invitation of the crossing flagman to proceed, drove onto the third track with his car in low gear.

It cannot be maintained with success, that one who thus drives onto a railroad track in full view of an approaching train, and who could stop his slowly approaching car before the train likewise proceeding at the same rate, "going slow", and could more readily and easily be stopped than the train, should recover on the respective issues as presented at the trial.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.