### ATLANTIC & PAC. R. CO. v. LAIRD.

#### (Circuit Court of Appeals, Ninth Circuit. November 14, 1893.)

#### No. 140.

1. PLEADING—AMENDMENT OF COMPLAINT—NEW CAUSE OF ACTION.
   The complaint in an action against two railroad companies charged negligence of both, causing personal injury to plaintiff, a passenger on a railroad alleged to have been operated by both defendants. Amendment being allowed, plaintiff set forth the same injury from the same occurrence, but charged that the railroad was operated by one of the original defendants, and that its negligence caused the injury, corrected a mistake as to the incorporation of such defendant, and struck out the other defendant as a party. *Held*, that the amended complaint did not set out a new cause of action.

2. CARRIERS—INJURIES TO PASSENGERS—ACTION EX DELICTO—JOINT LIABILITY.
   An action against two railroad companies for personal injuries to a passenger from their negligence causing derailment of a train is an action ex delicto, notwithstanding an allegation in the complaint that plaintiff held a ticket for transportation on the railroad, and the right to recover against one is not affected by the fact that plaintiff fails to sustain the action against the other.

3. SAME—REQUISITES OF COMPLAINT.
>    To charge a railroad company with liability for personal injuries sustained by a passenger by reason of the derailment of a train, it is unnecessary to allege that defendant is a common carrier, or that it owed a duty to plaintiff.

In Error to the Circuit Court of the United States for the Southern District of California.

At Law. Action by Mary J. Laird against the Atlantic & Pacific Railroad Company to recover damages for a personal injury caused by negligence in suffering a train upon which she was a passenger to be derailed. Judgment for plaintiff. Defendant brings error. Affirmed.

C. N. Sterry, for plaintiff in error.

Frank H. Short and Edwin A. Meserve, for defendant in error.

Before McKENNA, Circuit Judge, and HANFORD, District Judge.

HANFORD, District Judge. This action was originally against the Atchison, Topeka & Santa Fe Railroad Company and the plaintiff in error; the complaint charging that, at the time of the accident in which she was injured, the railroad upon which it occurred was being operated by the two corporations jointly, and that both were negligent, and responsible for her injury. The first trial of the case resulted in a verdict and judgment in favor of the Atchison, Topeka & Santa Fe Railroad Company, and against the plaintiff in error for $8,000. After vacating said verdict and judgment against the plaintiff in error, the circuit court permitted a second amended complaint to be filed, which sets forth as the cause of action the same injury resulting from the same accident, but corrects a mistake in the original complaint as to the manner in which the plaintiff in error became incorporated, and charges that said railroad was being operated by the plaintiff in error, and that its negligence caused said injury. Numerous exceptions were taken to the rulings of the circuit court upon various motions and proceedings, by which the plaintiff in error claimed exemption on the ground that the second amended complaint substituted a cause of action entirely different from the one originally sued on, after it had become barred by the statute of limitations. A second trial resulted in a verdict and judgment against the plaintiff in error for $3,000.

Although the assignment of errors in the record contains nine specifications, counsel was careful to inform this court that a new trial is not desired, and that the only grounds relied upon for reversing the judgment are errors of law in permitting the second amended complaint to be filed, and in refusing to strike it from the files, and in allowing the plaintiff to recover upon the cause of action set forth therein. In the brief of counsel for the plaintiff in error he claims that when the second amended complaint was filed, "for the first time in the history of the case, the plaintiff in error was alleged to be a corporation incorporated under the laws of the United States as a common carrier of passengers, and that the plaintiff in error, as a common carrier of passengers, was carrying the plaintiff below in one of its cars on a ticket which entitled her to

ride at the time of her injury, and it was alleged for the first time that the plaintiff in error was by itself operating the railroad at the point where plaintiff was injured, and that it was through its carelessness, and the carelessness of its servants, that the injury occurred."

The argument is that the action is ex contractu; that the original complaint alleged a joint contract and liability of the two original defendants; that the second amended complaint describes a different contract, because the Atchison, Topeka & Santa Fe Company is not a party to it, and therefore a distinct and new cause of action has been substituted for the one originally sued on. There is no contract specifically pleaded, but the action is said to arise ex contractu, because the allegation that the plaintiff was a passenger holding a ticket entitling her to transportation on the railroad presupposes a contract, and it is said that unless the action is based upon a contract the complaint does not state facts sufficient to constitute a cause of action. Counsel contends that an actionable tort is not sufficiently alleged, because there is no specification of any particular duty which the defendant owed to the plaintiff. The original complaint is also criticised because it contains no averment that the defendant is a common carrier.

We consider all the positions assumed by counsel for the plaintiff in error to be untenable. In the first place, the last complaint manifestly states the same cause of action as the one attempted to be set forth in the original complaint; the injury, and the time, place, and manner of its occurrence, according to the last complaint, being the same as at first alleged. Instead of substituting a different cause of action, the amended pleading only corrects the mistakes of the first. Even under the common-law system of practice, since the statute of jeofails, in actions ex contractu the courts have power to allow amendments of this nature. In Dicey, Parties, p. 506, the rule applicable to such cases is stated thus: "In an action on contract, * * * misjoinder of defendants is, unless amended, fatal." The Code of California is equally liberal. It expressly provides that "the court may in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect." Code Civil Proc. Cal. § 473.

Secondly, we hold that the injury and the wrong complained of constitute the gravamen of this action. It is therefore to be classed as an action ex delicto, and the right of the plaintiff to recover damages from a party legally liable is in no way affected by her failure to substantiate her claim against another party sued as a joint tort feasor. The supposed defect in the complaint, for want of any specification of the duty of the defendant in the premises, does not exist. Facts amounting to a breach of duty are distinctly alleged. This is sufficient. The law imposes upon all railroad corporations engaged in running trains the duty of exercising due care to prevent the same from being derailed, and to avoid all accidents whereby the lives of passengers may be endangered. An allegation to this

effect would not tender an issue. It would be a mere legal conclusion, and therefore both unnecessary and improper in a complaint. And it was equally unnecessary to allege that the plaintiff in error is a common carrier. Railroads are quasi public highways, and all railroad corporations actively engaged in operating passenger trains are subject to the liabilities and duties imposed by law upon common carriers of passengers. We find no error in the record. The judgment should be affirmed, and it is so ordered.