## HUGHES v. PULLMAN'S PALACE-CAR CO.

### (Circuit Court, E. D. Missouri, N. D. May 25, 1896.)

1. SLEEPING-CAR COMPANIES—LIABILITY TO PASSENGERS.

   The owners of sleeping cars, though not common carriers, are responsible for the discharge of certain general duties, arising from their contracts with their passengers, and involving the exercise of ordinary and reasonable care and attention towards them, and a violation of such duties may be made the subject of an action either ex contractu or ex delicto.

2. SAME—DAMAGES.

   In an action against a sleeping-car company for failure to discharge its duty to provide a properly warmed and comfortable car for its passengers, it cannot be held, on demurrer, that damages alleged to have been caused by such failure, and consisting in suffering from the low temperature, contraction of a violent cold, and resulting in permanent injury to the passenger's eyes, are so remote as not to be recoverable.

Hughes & Roberts and F. L. Schofield, for plaintiff.
J. S. Runnells and Gardiner Lathrop, for defendant.

ADAMS, District Judge. Plaintiff alleges, in his amended petition, in effect, that he purchased a ticket from the defendant company entitling him to ride in its sleeping car from Philadelphia to

St. Louis, and also to certain special accommodations, among which he specifies as follows: "A safe and comfortable bed, and the right to sleep therein, and sufficient warmth of temperature for health and comfort, especially while he slept, and the requisite care, attention, and watchfulness of servants to promote plaintiff's comfort, and to prevent exposure, all of which [it is alleged] it became, and there and then was, the duty of the defendant to furnish and provide, and which, for the consideration aforesaid, defendant then and there undertook and engaged to furnish and provide the plaintiff." The plaintiff further alleges, in effect, that the defendant disregarded its said duty, and did not use due care in that behalf, but, in the language of the petition, "carelessly and negligently failed and neglected to exert due care in protecting the plaintiff from exposure and cold, and carelessly and negligently failed and neglected to keep said sleeping car sufficiently warm, as was necessary to the comfort and health of the plaintiff, and carelessly and negligently suffered, permitted, or caused said sleeping car to become unreasonably cold and uncomfortable and unhealthy, so that the plaintiff, while so sleeping, and so unconscious of danger, became and was, carelessly and negligently, by the defendant, its agents and servants, deprived of sufficient warmth necessary to his health and comfort, and became and was exposed to the said unreasonably cold, uncomfortable, and unhealthy temperature in said sleeping car," whereby, and by means and reason whereof, the plaintiff alleges, "he became and was very cold, and then and there contracted a violent cold, which permanently settled in plaintiff's face and eyes," etc.

Defendant demurs to this petition, alleging, as ground therefor, that it does not state facts sufficient to constitute a cause of action. It is claimed, first, that the petition presents an action in form ex contractu, and that the damages recoverable are such only as flow from the breach of the contract, and were within the reasonable contemplation of the parties at the time the contract was made. It is claimed that the cold alleged to have been contracted by the plaintiff, together with its alleged baneful results upon his eyes, could not have been within the reasonable contemplation of the parties at the time the contract was made, and that for this reason the petition shows damnum absque injuria. While it is true the owners of sleeping cars, as ordinarily operated on our railroads, are not to be treated as common carriers with respect to their liability to patrons, it is equally true, from the nature and character of their business, in which they are brought into close and important relations, affecting the comfort and safety of a large class of the traveling public, they ought to be and must be held responsible for the discharge of certain general duties, involving the exercise of ordinary and reasonable care towards them. In many respects their responsibilities approach those of carriers, and while, by the adjudicated cases, they are not made subject to the degree of care to which carriers are held, they certainly ought not to be absolved from the general duty of treating their patrons with ordinary care and attention, whether the contract involved in a

ticket sold by them prescribes it in terms or not. The adjudicated cases to which my attention has been called, fully support the foregoing general proposition.

Cooley, in his work on Torts (page 91), says:

"There are also, in certain relations, duties imposed by law, a failure to perform which is regarded as a tort, though the relations themselves may be formed by contract covering the same ground."

The general duties of the operators of sleeping cars, heretofore adverted to, are such, in my opinion, as fall within the meaning of the foregoing proposition of Mr. Cooley, a violation of which may be made the subject-matter of an action either ex contractu or ex delicto. Plaintiff, in his petition, as I construe it, has elected to treat his action as of the latter kind. By way of inducement, he sets up his contract, showing the circumstances which create the duty, then the duty itself, and the negligent breach of such duty. In the case of Railroad Co. v. Laird, 7 C. C. A. 489, 58 Fed. 760, a kindred subject is discussed, and it is there held that the action is ex delicto. I do not think, however, that a classification of the form of action affords very material help in solving the question submitted. I am not satisfied that a very different measure of damages is applicable to this case, whether the action be, technically speaking, ex contractu or ex delicto.

Mr. Justice Strong, speaking for the supreme court in the case of Railway Co. v. Kellogg, 94 U. S. 469, 475, says, referring to the measure of damages in an action in tort for negligence, as follows:

"It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that the negligence, or an act not amounting to wanton wrong, is the proximate cause of the injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

Judge Sanborn, speaking for the circuit court of appeals in the case of Railway Co. v. Elliott, 55 Fed. 951, 5 C. C. A. 347, says:

"The rule of law which governs this case is not difficult of statement, but, like many other rules, the difficulty is wholly in its application. 'Causa proxima, non remota spectatur.' An injury that is the natural and probable consequence of an act of negligence is actionable. But an injury that could not have been foreseen or reasonably anticipated as the probable result of the negligence is not actionable."

In the last-mentioned case, Judge Sanborn quotes with manifest approval from the case of Hoag v. Railroad Co., 85 Pa. St. 293, as follows:

"The true rule is that the injury must be the natural and probable consequence of the negligence,—such consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from the act."

From the foregoing it is seen that the measure of damages in an action in tort for negligence is practically very little different from the measure of damages claimed by the defendant's counsel to be applicable in an action for the negligent discharge of duties imposed by contract. According to the foregoing authorities, which

necessarily control me in this case, the damages which plaintiff is entitled to recover are only such as are the natural and probable consequence of the alleged act of negligence, and such as might or ought to have been foreseen or reasonably anticipated as a result of such act of negligence. The question for consideration in deciding the present demurrer, therefore, is whether the petition shows such damages to have resulted from the alleged negligent act. Before considering this question, I will advert to that part of the argument of defendant's counsel challenging the sufficiency of the charge of negligence.

Plaintiff alleges that defendant failed to discharge its duty in this: that, when it should have provided for him a comfortable car to ride in, it provided for him an uncomfortable car; and in this: that it was unreasonably cold and unhealthy, and that, as a result thereof, he became cold, contracted a violent cold, became sick, and sustained damages. Considering the peculiar relations which the plaintiff at the time of the alleged injury sustained towards other passengers to whom the defendant owed a duty no less important than towards the plaintiff, and considering the varying predisposition towards heat and cold, and the exacting demands of passengers generally, as well as the many other elements to which my attention has been called by defendant's counsel as entering into the question of reasonable and ordinary care, due from the defendant in this case to the plaintiff and its other passengers, it may and probably will be a difficult matter for the plaintiff to establish the negligent act complained of. But I think all these considerations pertain to the proof, and must be dealt with at the trial.

Now, concerning the question of damages: However unlikely it may seem that the plaintiff's permanent trouble with his eyes is such a natural and probable consequence of the alleged negligent act as ought to have been foreseen as likely to flow from it, nevertheless the violent cold complained of is not unlikely, according to common experience, to result from such exposure as is complained of, and any damages which do naturally and probably flow from such a cold are the proper subject for recovery in this action. It may be the jury will find that a permanent trouble with the eyes, like that complained of by plaintiff, is so naturally and commonly sequent upon a violent cold as to take it into consideration in awarding damages. Its action, however, in this regard, must depend upon the proof made, and the law applicable thereto, as declared by the court at the time. Independent of this particular matter, however, it must be borne in mind that plaintiff claims damages for each and all of the effects alleged by him to have been caused by the exposure, namely, the sensation of the alleged cold temperature, the violent cold which he contracted, and the fact that it settled in his face. Each and all of these things, as well as the permanent injury to his eyes, are alleged to have made him sick, sore, and disordered, and to have caused him such injury as to entitle him to some damages. I do not see how, under this state of pleading, the court can say, as a matter of law, that all

the damages claimed by the plaintiff are so remote, unnatural, and improbable as not to be recoverable. I think the matter of damages, under proper instructions concerning the law applicable thereto, must be left to the jury.

The demurrer must therefore be overruled.