# Birmingham Ry. L. & P. Co. *v.* Adams.

*Action for Damages for Injury to Passenger.*

(Decided April 3, 1906.  40 So. Rep. 385.)

1.  *Carriers; Injuries to Passengers; Action; Allegation of Negligence.*—A count in a complaint which alleges that while a passenger upon defendant's railway plaintiff was injured, proximately as a consequence of the negligence of defendant's servants in and about his carriage as a passenger, is not subject to demurrer that it did not specify in what the negligence consisted.

2.  *Same; Duty of Carrier.*—If facts are sufficiently stated from

which the law will infer a duty, it is not necessary to specifically aver that defendant owed plaintiff a duty not to injure him, and a count which alleges that plaintiff while a passenger on defendant's railway was injured on account of the negligence of defendant's servants in and about his carriage as such passenger, states sufficiently the facts from which the inference of a duty to him will be drawn.

3. *Same; Existence of Relation.*—The statement in a count that plaintiff was injured while a passenger on defendant's railway, through the negligence of defendant's servant, in and about his carriage as such passenger, sufficiently sets out that there existed the relation of passenger and carrier between plaintiff and defendant, although no direct allegation is made that defendant is a common carrier of passengers.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

This was an action for damages resulting to a passenger from a collision of defendant's car with a train of cars on the Louisville & Nashville railroad through the negligence of defendant's servants or agents in charge of the car on which plaintiff was a passenger. The first and second count alleges in substance the relation of carrier and passenger, the payment of fare by passenger, the collision between the car on which plaintiff was a passenger and the train of cars on the Louisville & Nashville railroad where the lines cross on grade, and the negligence of the servants or agents of the corporation in charge of the car, the proximate consequence of which resulted in the injury of the plaintiff. Count A was in the following words: "Plaintiff claims of the defendant, a body corporate doing business in Jefferson county, state of Alabama, $25,000 damages, for that on, to wit, February 3, 1904, plaintiff, while a passenger upon defendant's railway, at or near a station known as the 'L. & N. Crossing,' between Birmingham and Gate City, in the county and state aforesaid, was injured as follows: Plaintiff was bruised and mashed, shocked, and otherwise injured about his face, back, legs, head, stomach, eyes, and other parts of his person. His back was wrenched and sprained. He was scarred, crippled

and disfigured. His right eyesight was permanently impaired. His nervous system was wrecked, thereby causing plaintiff to endure very great mental and physical pain and suffering, and permanently rendering plaintiff less able to earn a livelihood. Plaintiff avers said injuries to have been proximately caused by the negligence of the defendant's servants in and about the carriage of the plaintiff as a passenger of the defendant." Count B is similar in all respects to A, except that it counts on the willful, wanton, or intentional negligence of defendant's servants.

TILLMAN, GRUB, BRADLEY & MORROW, for appellant.— Count 2 of the complaint was defective. The mere intentional doing of an act contrary to duty, although such conduct be culpable and result in injury without more, does not show an intentional infliction of injury. —M. & C. R. R. Co. v. Martin, 117 Ala. 382. Count A is defective. There should be an allegation to indicate that defendant was a carrier of passengers.—Chicago etc. Ry. Co. v. Clausen, 173 Ill. 100; N. B'ham R. R. Co. v. Liddicoat, 99 Ala. 545. It must also be alleged that plaintiff was a passenger.—Barger v. North Chicago R. R. Co., 54 Ill. App. 284; Evansville R. R. Co. v. Darting, 6 Ind. App. 375; Louisville R. R. Co. v. Smith, 9 Ky. 404.

It must be alleged that the undertaking to carry plaintiff was for hire.—Roberts v. Johnson, 68 N. Y. 613.

DENSON & DENSON and W. E. FORT, for appellee.— Count A was not subject to the demurrer interposed to it. The proper criterion by which to determine the sufficiency of such count as count A, is the third degree of certainly required of a count—certainly to a common intent.—A. G. S. R. R. Co. v. Collier, 112 Ala. 684; L. & N. R. R. Co. v Hall, 91 Ala 117; 6 Ency Pl. & Pr. pp. 248-9. A comparison of count A with the count declared good in the Armstrong case, 123 Ala. 236, shows beyond doubt that such a count has the sanction of this court. The doctrine of scope of employment, does not obtain in cases

of this character.—*Birmingham Ry. & Elec. Co. v. Baird,* 130 Ala. 265. As to the sufficiency of general allegations of negligence, see the case of *King v. O. S. L. R. R. Co.,* 59 L. R. A. 209-277.

WEAKLEY, C. J.—There is no bill of exceptions in the record, and the appeal is prosecuted to review rulings on demurrer to the four counts of the complaint. No argument or citation of authority is necessary to demonstrate that the demurrers to counts 1 and 2 were properly overruled. The important and controlling question arises upon count A, added by amendment. Count B is identical with the former in its essential averments, except that, instead of simple negligence, it charges willful, wanton, or intentional misconduct, and the principles to be announced with reference to count A will also apply to count B.

Many grounds of demurrer were assigned, but the only ones we deem it necessary to discuss, although all have been considered, are the following: (1) It does not appear what duty defendant owed the plaintiff; (2) it does not appear with sufficient certainty wherein or how defendant violated any duty it owed the plaintiff; and (3), for that the relation existing between plaintiff and defendant is not averred with sufficient certainty, in that the count fails to allege defendant was a common carrier.

Count A avers that the plaintiff, "while a passenger upon defendant's railway," was injured in a way specified, and that his injuries were proximately caused by the negligence of the defendant's servants "in and about the carriage of the plaintiff as a passenger of the defendant." Upon the authority of *Armstrong v. Montgomery Street Railway Co.,* 123 Ala. 233, 26 South. 349, and cases therein cited, it must be held that the count was not open to the objection because of the generality of its averment of negligence. Nor was it necessary to

specially aver that defendant owed a duty to the plaintiff not to injure him. It has long been settled in this state that "when the gravamen of the action is the alleged nonfeasance or misfeasance of another, as a general rule, it is sufficient, if the complaint aver the facts out of which the duty springs and that the defendant negligently failed to do and perform," etc.—*Leach v. Bush*, 57 Ala. 145; *M. & M. Ry. Co. v. Crenshaw*, 65 Ala. 566. And when the facts out of which the duty is supposed to spring are averred, and these facts show a duty to the plaintiff not negligently to injure him, the pleading is sufficient (under our liberal rules, which authorizes averments in their nature little more, if anything, than legal conclusions) as against a demurrer complaining that no duty is shown. The duties incident to a carriage of passengers, when the relation is shown, will be inferred without being specially pleaded.—*Evansville v. Duncan*, 28 Ind. 441, 92 Am. Dec. 322.

The inquiry then arises whether the facts averred in count A show the relation of carrier and passenger between the plaintiff and defendant. In construing the count, it must be remembered that certainty to a common intent is all that is necessary.—*L. & N. R. R. Co. v. Hall*, 91 Ala. 117, 8 South. 371, 24 Am. St. Rep. 863. All pleadings should be as brief as is consistent with perspicuity and the presentation of the facts in an intelligible form, and "no objection can be allowed for defect of form, if facts are so presented that a material issue of law or fact can be taken by the adverse party thereon."— Code 1896, § 3285. Although the count does not aver that the defendant was a common carrier, yet it does show in brief and intelligible form that the plaintiff was "a passenger upon defendant's railway" and that the injuries of which he complains were "proximately caused by the negligence of the defendant's servants in and about the carriage of the plaintiff as a passenger of the defendant." A common carrier of passengers is one who is engaged in a public calling, which imposes upon

[Birmingham Ry. L. & P. Co. v. Adams.]

him the duty to serve all without discrimination. 6 Cyc. 533. But he need not be a common carrier in order to make him liable for negligent injury to his passenger whom he actually accepts and undertakes to carry. For instance, if a railroad company permits a passenger to ride upon a freight train, it is liable to him for negligently injuring him, although not required to transport the passenger on such train, and not a common carrier of passengers as to that means of transportation.—*L. & G. N. Ry. Co. v. Irvine,* 64 Tex. 529, 535, and authorities there cited; *Whitehead v. Railway Co.,* 99 Mo. 263, 11 S. W. 751, 6 L. R. A. 409.

Giving count A a reasonable construction free from narrowness or mere verbal criticism, we hold that it at least showed plaintiff was accepted as a passenger of the defendant, and that defendant undertook the service of carrying him as such passenger. Upon these facts, the duty not negligently to injure him arises; and, the complaint averring that defendant's servants in and about the service of carrying him, by their negligence injured him, the count states a cause of action, and was not open to any of the grounds of demurrer assigned to it. It was not necessary to aver that defendant was a common carrier; that is, was required to carry all who applied for transportation. It was sufficient to make it appear that at the time of the injury plaintiff was actually a passenger and was being transported as such, and that his injuries were due to the negligence of defendant's servants as averred in count A. *Pro hac vice,* defendant was a carrier, owing to plaintiff the duty of that relation.—*Atlantic & Pac. R. R. Co. v. Laird,* 7 C. C. A. 489, 58 Fed. 760. The word "passenger," *ex vi termini,* means "one who travels in some public conveyance by virtue of a contract, express or implied, with the carrier, on the payment of fare or that which is accepted as an equivaqlent therefor."—*Penn. R. R. Co. v. Price,* 96 Ala. 256; *Railroad Co. v. Tanner,* 100 Va. 379, 41 S. E. 721; 6 Words & Phrases Judicially Defined, 5218, 5219. Some of the

[Birmingham Ry. L. & P. Co. v. Hinton.]

authorities assert that the word, when used in reference to carriage by a railroad, imports a person whom said transportation agency in the performance of its duty as a common carrier has contracted to carry.—Patterson's Ry. Accident Law, 204; *Schepers v. Railroad Co.,* 126 Mo. 665, 29 S. W. 712. The exigencies of this case do not require us to go that far, and we reserve our opinion upon that proposition until it becomes necessary to decide it.

Upon the foregoing considerations, count A must be held to have been good; and count B falls within the influence of the same principles. No error appearing, let the judgment be affirmed.

Affirmed. All the Justices concur.