# Central of Georgia Railway Co. v. Carleton.

## Injury to Passenger.

(Decided November 19, 1909.—51 South. 27.)

1. *Carriers; Passengers; Complaint.*—In an action against a carrier for the death of a passenger, a complaint alleging that decedent was a passenger, that the conductor while acting within the scope of his authority ordered the decedent to leave the coach in which he was riding and go into another coach while the train was in motion, that decedent, while attempting to comply with the order, was thrown from the train and killed, and that his death was proximately caused by the negligence of the carrier's servants, states a good cause of action in tort. ·

2. *Same.*—In an action against a carrier for the death of a passenger, a complaint alleging that decedent was a passenger, and that his death was proximately caused by the negligence of the trainmen in and about his carriage as a passenger, or which alleges the wanton, willful or intentional misconduct of the trainmen under similar ·circumstances, states a good cause of action.

3. *Same; Duty to.*—A conductor is not justified in ordering or ·compelling a white passenger riding in the coach reserved for negroes to go into another coach while the train is running at a dangerous rate of speed.

4. *Same.*—The fact that a passenger is voluntarily intoxicated thereby depriving himself of the ability to exercise ordinary care furnishes no excuse for the conductor to force him from a place of safety on a train to one where it will require extraordinary care to avoid injury. If the passenger's intoxication is apparent to the conductor, it furnishes added reason for added precaution on his part.

5. *Same; Contributory Negligence.*—If a passenger is directed by an agent of the carrier, acting within the line of his duty, to pass ·from one car to another while the train is in motion, and the danger in doing so is not obvious, and the passenger is not negligent in attempting to obey, and injury results, the carrier is liable.

6. *Evidence; Evidence at Former Trial.*—A bill of exceptions is not admissible to prove the testimony of a witness had on a former trial.

7. *Same.*—In order for a witness to be competent to testify as to what ·another witness swore on a former trial, it is only necessary that the witness was able to state the substance of the former testimony without stating the exact words; but a witness who shows that he does not remember even the substance of parts of the testimony is incompetent.

8. *Appeal and Error; Judgment entry; Conclusiveness.*—A statement in a judgment entry that a demurrer was filed to a plea in so

[Central of Georgia Railway Co. v. Carleton.]

far as it applied to certain counts of the complaint, and was sustained, indicates that a plea was filed in that language and the demurrer not being set out in the record, the judgment will be deemed correct on appeal.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. B. M. MILLER.

Action by H. M. Carleton, as administrator of Joseph Umphrell, against the Central of Georgia Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint is in the following language:

Count 11. "Plaintiff claims of the defendant $1,999 damages, for this: That on the 4th day of November, 1909, defendant, a corporation, was engaged in operating a railroad through the counties of Lee, Chambers, and Tallapoosa, and others, in the state of Alabama, and was operating a train of cars propelled by steam for the transportation and carrying of passengers upon and along the track in said counties; that Joseph Umphrell, plaintiff's intestate, was a passenger on said train, and it was the duty of defendant to operate said train of cars in a manner that would be safe for the passengers thereon, and to furnish safe transportation for plaintiff's intestate, and to carry him safely to his destination; that, while plaintiff's intestate was a passenger on said train as above alleged, defendant, by and through its agents, servants, or other employes, ran and operated said train at a dangerous and reckless rate of speed, and while it was being so operated at such dangerous and reckless rate of speed the conductor on said train, or the person who was acting as conductor on said car in which plaintiff's intestate was, whose name is unknown to plaintiff but who was a servant or employe of defendant, while acting within the scope of his authority as such conductor or assistant conductor, ordered and compelled plaintiff's intestate to leave said car, and go outside

of same, and in attempting to leave said car, and to go therefrom to another part of said train, as he was ordered and compelled to do so by defendant's said agent, servant, or employe, said conductor or assistant conductor of said train, plaintiff's intestate was thrown from said train and killed;; and plaintiff avers that the death of said Joseph Umphrell was proximately caused by the negligence of defendant's servant, agent, or employe in and about the carriage of plaintiff's intestate as a passenger of the defendant, and in compelling plaintiff's intestate to leave said car."

Count 14: "Plaintiff further claims of the defendant, a body corporate doing business as a common carrier in Chambers and Tallapoosa county, Alabama, $1,999, for this: That on, to wit, November 4, 1905, Joseph Umphrell, plaintiff's intestate, while a passenger on defendant's railroad, was killed; and plaintiff avers the death of said Joseph Umphrell to have been proximately caused by the negligence of the defendant's servants, agents, or employes in and about the carriage of plaintiff's intestate as a passenger of the defendant."

Count 15 alleges that plaintiff's intestate, while a passenger on the train upon defendant's railway, was killed; and plaintiff avers the death of said Umphrell to have been caused by the acts or negligence of the conductor or assistant conductor of said train, the servants agents, or employes of defendant in and about the carriage of plaintiff's intestate as a passenger.

Count 16: Same as 15, except that it is alleged that plaintiff was a passenger between Waverly and Dadeville, Ala.

Count 17: Same as 14, except that it counted upon wanton, willful, or intentional misconduct in and about the carriage.

Demurrers were interposed to the complaint as follows: Because it fails to show by what authority or

right Bryan was acting as conductor or assistant conductor of said train. Because it fails to show with sufficient certainty that plaintiff's intestate was compelled, or how he was compelled, to leave said car while the train was moving at a dangerous rate of speed. It shows that plaintiff's intestate was guilty of contributory negligence in attempting to pass from one car to another while the train was running at a dangerous rate of speed. Because it fails to state the facts showing that plaintiff was compelled, or how he was compelled. Because it assumes that plaintiff's intestate was compelled to do a dangerous and negligent act, because he was ordered to do so, when such is not the law. Because it fails to show with sufficient certainty where plaintiff's intestate was at the time he was ordered by the conductor to go to another part of the train. Because said complaint joins an action on contract and in tort. To the fourteenth count: Because it fails to show or aver who the servants, agents, or employes were who it alleges were guilty of negligence, or to show that they were acting within the scope of their authority as the servants, agents, or employes of defendant. To the fifteenth count: Because it fails to show or aver with sufficient certainty that the injury complained of was caused by any negligence on the part of the conductor or assistant conductor. Because it fails to show with sufficient certainty in what the acts complained of consisted. Because it fails to show or aver that the said conductor or assistant conductor was acting within the scope of his authority at the time of the alleged acts of negligence complained of. The same demurrers were interposed to the sixteenth and seventeenth counts.

Plea 9 is as follows: "That if plaintiff's intestate was ordered by the conductor or assistant conductor of said train to leave said car and go therefrom to another

car, or to another part of said train, as is alleged in the complaint, that said conductor or assistant conductor was authorized and required by law to give such order, and assign plaintiff's intestate to another car, because said intestate was a white man, and at the time of said alleged order was in a car set apart for negroes or colored passengers, and was violating the provisions of the statute providing equal and separate accommodations for the white and negro races on railroad passenger trains; and defendant avers that plaintiff's intestate, by being in said negroes' car, caused or proximately contributed to the injuries complained of."

Plea 10: "That plaintiff's intestate by intoxication voluntarily incapacitated himself from ability to exercise ordinary care for his own protection, and by reason of said voluntary intoxication he caused or proximately contributed to the injury complained of."

The oral charge No. 1 is as follows: "That if the conductor or other employe orders a person off the train, or forces him off and onto the platform, and that platform was a dangerous place for him to be, and they force or order him out, and as a proximate consequence of his being ordered or forced out he fell from the train, then the defendant would be liable."

The following charges were refused to the defendant: (3) Affirmative charge as to the eleventh count. (4) Same as to the first count. (5) Same as to the thirteenth count. (10) Affirmative charge as to the eighteenth count. (11) Same as to the nineteenth count.

GEORGE P. HARRISON, for appellant.—Breach of contract and tort cannot be joined in the same court.— *Southern Ry. Co. v. Bonnell,* 138 Ala. 247; Sec. 5321, Code 1907; *Quarles v. Campbell,* 72 Ala. 64; *Phoenix Co. v. Moog,* 78 Ala. 284. Several distinct issues or ac-

tions cannot be joined in one count of the complaint.—
*H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 413; *L. & N.
v. Cofer,* 110 Ala. 491. On these authorities, demurrers
should have been sustained to count 11. Defendant's
2nd, 9th and 10th pleas state a good defense, as does
plea 10, and the court improperly sustained demurrers
thereto.—58 A. & E. R. R. Cases, 337. The court im-
properly permitted Lynch to testify as to what Shealy
swore on former trial—*Gildersleeve v. Carraway,* 10 Ala.
260. The court erred in its oral charge to the jury—
*Davis v. Western Ry.,* 107 Ala. 626; 20 A. & E. Ency. of
Law, 148; *S. & N. R. R. Co. v. Schaufler,* 75 Ala. 137
Charges 3, 4, 5, 10 and 11 should have been given, as
plaintiff was not entitled to recover on any of these
counts to which the charges were addressed.—*K. C. M.
& B. v. Burton,* 97 Ala. 240. Charges 7, 8, and 9 should
have been given.—46 Ark 528. The court should have
given the affirmative charge as to the 13th, 17th and 19th
count.—*C. of G. Ry. Co. v. Freeman,* 140 Ala. 581; *City
D. Co. v. Henry,* 139 Ala. 161; *Sou. B. T. Co. v. Francis,*
109 Ala. 224.

JAMES W. STROTHER, for appellee.—Each count to
which demurrer was interposed and overruled stated a
good cause for action.—*Birm. Ry. & E. Co. v. Mason,*
137 Ala. 342; *Bir. Ry. L. P. Co. v. Adams,* 146 Ala. 267;
*Laughran v. Brewer,* 113 Ala. 509; *Ga. Pac. Ry. Co. v.
Davis,* 92 Ala. 300; *Ensley Ry. Co. v. Chewning,* 93 Ala.
24; *M. & O. v. George,* 94 Ala. 199. The 10th plea is
clearly no defense to the action.—*Carlton v. C. of Ga. R.
R. Co.,* 46 South. 495; *Turner v. Railroad,* 60 Ala. 621;
*L. & N. v. Johnson,* 104 Ala. 241; s. c. 108 Ala. 62; *L. &
N. v. Dancy,* 97 Ala. 338. The court properly permitted
proof of testimony offered on former trial.—*Lowe v. The
State,* 96 Ala. 47; *Pruitt v. The State,* 92 Ala. 41;

[Central of Georgia Railway Co. v. Carleton.]

*South. v. The State,* 86 Ala. 47; *Lowery v. The State,* 98 Ala. 45. There was no error in the court's oral charge.—*A. G. S. v. Hill,* 93 Ala. 514; *Southen Ry. v. Crowder,* 130 Ala 256; *Bir R. & E. Co. v. Baird,* 130 Ala. 334; *Southern Ry. Co. v. Roebuck,* 132 Ala. 412; *M. & E. V. Mallett,* 92 Ala. 209; *G. & A. U. Ry. Co. v. Causler,* 97 Ala. 235. Under the pleadings in this case, the questions involved were properly submitted to the jury, and hence no error was committed in refusing the affirmative charges.—*Carleton v. C. of G., supra.*

SIMPSON, J.—This is an action by the appellee against the appellant for damages on account of the death of plaintiff's intestate while a passenger on the railway of defendant.

Count 11 is in tort, for the breach of duty in ordering and compelling plaintiff's intestate to go upon the platform, from which, as a proximate consequence, he fell. It is not subject to the causes of demurrer assigned. It shows the relation of passenger and carrier, and that the injury resulted as the proximate consequence of negligence of the employe of defendant, in charge of the train. —*B. R. L. & P. Co. v. Adams,* 146 Ala. 267, 40 South. 385, 119 Am. St. Rep. 27.

Counts 14, 15, 16, and 17, also, were sufficient, and the demurrers to these counts were properly overruled. *Armstrong, Adm'r, v. Montgomery Street Railway,* 123 Ala. 233, 244, 26 South. 349; *B. R. L. & P. Co. v. Adams, supra.*

The appellant insists that the court sustained a demurrer to plea 2, when none had been interposed. The demurrer, as set out in the record, was not simply to the plea "in so far" as it applies to certain counts, but was to the entire plea; one of the grounds of demurrer being that it undertook to set up contributory negligence and

[Central of Georgia Railway Co. v. Carleton.]

was filed to each count of the complaint, when some of them charged willful, wanton, or intentional misconduct. It is manifest that the only judgment which could be rendered on this demurrer would be either to sustain it or to overrule it. If sustained, the plea would be eliminated from the record, unless it was amended so as to omit the defective portion.

The judgment entry states first that the demurrer to said plea is sustained in so far as it applies to certain counts of the complaint, and this is followed by the further statement that, a demurrer being interposed to said plea, the same was sustained, which is the proper judgment. As the first statement in the judgment entry, that a demurrer was filed to the pleas, " in so far as they apply to" certain counts, and sustained, indicates that a plea was filed in that language, and the said demurrer not being set out, the judgment of the court must be held to be correct. If there was such a plea, the judgment is correct; if there was not, the judgment in that particular is harmless.

There was no error in sustaining the demurrer to the ninth plea. Said plea does not deny, or confess and avoid, the allegations of the complaint. It does not answer the allegations, contained in each count, which attempted to set out the facts showing that the plaintiff was not only ordered out of the car, but was "compelled" to go out on the platform, or was "driven out." Moreover, even though the plaintiff may have been in the negro coach, this would not necessarily justify the conductor in ordering or compelling him to go into another coach while the train was running at a dangerous rate of speed.—*Carleton v. Central of Georgia Railway,* 155 Ala. 326, 46 South. 495.

There was no error in sustaining the demurrer to the tenth plea. In addition to the fact that said plea is to

the "complaint as a whole, and to each count separately," the fact that a party had voluntarily incapacitated himself from ability to exercise ordinary care for his own protection, by intoxication, would not furnish any excuse for the officer in charge of the train to force him from a place where he was safe to one where it would require extraordinary care to avoid injury.

The quotation from Wood on Railroads, cited from *Fisher v. W. Va. & P. R.*, 39 W. Vo. 380, 19 S. E. 583 (23 L. R. A. 758), to wit, that "one cannot voluntarily incapacitate himself from ability to exercise ordinary care for his own self-protection, and then set up such incapacity as an excuse for his failure to use care; and if the intoxication contributed to the injury as a proximate cause thereof it is a complete bar to any action for damages sustained in consequence of it," is inapplicable. The plaintiff is not setting up his intoxication in this case; but, on the contrary, the defendant is setting it up as an excuse for its negligence, notwithstanding the plaintiff was in that condition. If the plaintiff was in that condition, and it was apparent to the conductor, it called for extra precaution on his part.—*Johnson v. L. & N. R. R. Co.*, 104 Ala. 241, 16 South. 75, 53 Am. St. Rep. 39; *L. & N. R. R. Co. v. Johnson*, 108 Ala. 62, 19 South, 51, 31 L. R. A. 372.

The court erred in refusing to exclude the testimony of J. H. Lynch as to what Will Shealy testified on a former trial. While it is true that, in order to testify as to what a witness swore to on a former trial, it is necessary only that the witness can state the substance, and not the exact words that were spoken,, yet it is necessary that he remember the substance of all of the testimony. The witness in this case showed, on cross-examination, that he did not remember even the

substance of certain parts of the testimony.—*Magee v. Doe ex dem, etc.,* 22 Ala. 700, 720; *Davis v. State,* 17 Ala. 354, 357; *Gildersleeve v. Caraway, Use, etc.,* 10 Ala. 260, 263, 44 Am. Dec. 485.

There was no error in refusing to admit the bill of exceptions on the former trial, to show what the witness testified to.—*Illinois Central R. Co. v. Ashline,* 171 Ill. 313, 49 N. E. 521, 522.

There was no error in giving that part of the oral charge numbered 1. There is no proof that it was obviously dangerous to go on the platform, so as to charge the intestate with contributory negligence in obeying the order of the conductor. "If the passenger be directed by an agent of the company, acting in the line of his duty, to pass from one car to another while the train is in motion, and the danger in doing so is not obvious, he will not be negligent in attempting to obey the agent's direction, and if injury ensues the company will be liable." 3 Hutchinson on Carriers (3d Ed.) p. 1399, § 1192; Id. p. 1408, § 1197.

Charges 3, 4, and 5, requested by the defendant, should have been given, as counts 11, 12, and 13 charge that the train was being run at a dangerous and reckless rate of speed, and there is no evidence tending to show such speed.—*K. C., M. & B. R. R. Co. v. Burton,* 97 Ala. 240, 259, 12 South. 88.

Charges 10 and 11, requested by the defendant, were properly refused, as counts 18 and 19 charged that the train was running at a high rate of speed, and there was evidence tending to show that. It was for the jury to determine whether the act of the conductor was willful or wanton.

There was no error in the refusal to give charges 7, 8, 9, and 11, requested by the defendant, being the general affirmative charge as to counts 15, 16, 17, and 19.

Neither of these counts charges that the damnifying act was that of the defendant itself.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J. and McCLELLAN and MAYFIELD, JJ., concur.

